Michael Lavan **CRAWFORD, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 64496.

Court of Criminal Appeals of Texas, En Banc.

May 20, 1981.

On Rehearing Sept. 30, 1981.

Rehearing Denied Dec. 9, 1981.

James M. Murphy, Dallas, for appellant.

Henry Wade, Dist. Atty. & Karen Chilton Beverly & Jim Walker, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

### ON COURT'S MOTION FOR REHEARING

Our prior opinion is withdrawn.

Crawford was charged with possession of cocaine. In this case the charge took the form of a motion to revoke probation. In a companion case, No. 64,495, the charge took the form of an indictment. Both cases were litigated together in the district court.

By an unpublished opinion on April 15, 1981, we already have reversed the conviction in the companion case because the indictment was fundamentally defective. The indictment alleged that on November 9, 1978, the appellant did "knowingly and intentionally possess a controlled substance namely: Cocaine." On the date alleged and proved, cocaine was not named in a penalty group of the Texas Controlled Substances Act.[1] The indictment which failed to allege why this substance, not named in the Act, was a controlled substance, failed to allege an essential element of the offense. *Taylor v. State*, 610 S.W.2d 471 (Tex.Cr.App.1981); *Crowl v. State*, 611 S.W.2d 59 (Tex.Cr.App. 1980). This was a defect which deprived the district court of jurisdiction.

[1.] Tex.Rev.Civ.Stat. art. 4476–15.

We granted rehearing in this case *ex mero motu* to decide if it should be disposed of in the same way as the companion case because the motion to revoke probation also alleged that on November 9, 1978, the appellant did "knowingly and intentionally possess a controlled substance namely: Cocaine." Although this allegation is the same as that in the companion case, the legal context is different, and a different result is called for. This is because of the jurisdictional difference between an indictment and a motion to revoke probation.

We should not lose sight of the reason why the failure of an indictment to allege all the elements of an offense will result in a reversal, even though it be noticed for the first time on appeal (or even later, by way of habeas corpus). It is because a valid indictment or information is the only means by which the trial court can obtain jurisdiction over the person of the defendant. *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex.Cr.App. 1980). If the trial court does not obtain personal jurisdiction, its acts are void. *Id.* at 528 n. 5. These defects can be raised for the first time in this court because they are jurisdictional, and they may not be waived. *Lackey v. State*, 574 S.W.2d 97, 100 (Tex.Cr. App.1978). From these principles it follows that an indictment which fails to allege an offense is not valid, fails to confer jurisdiction, renders the judgment of the trial court void, and is subject to attack for the first time in this court.

A motion to revoke probation, on the other hand, is not usually subject to attack for the first time in this court. *Martinez v. State*, 493 S.W.2d 954 (Tex.Cr.App.1973) (motion alleged he "violated ... the State law in that he has been apprehended and charged by the State with being intoxicated in a public place and operating a motor vehicle while intoxicated"). This is because, unlike an indictment or information, a motion to revoke probation is not essential to the trial court's jurisdiction of the person of the probationer. That jurisdic-

tion was obtained when the valid indictment or information was filed. The failure of a probation revocation motion to allege all the elements of an offense would not deprive the trial court of jurisdiction or render the judgment and sentence void.

It long has been held that the allegations of a motion to revoke probation need not be as precise as those of an indictment or information, although they must give sufficient notice to afford due process. *Campbell v. State,* 456 S.W.2d 918 (Tex.Cr.App. 1970). *See Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Of course the motion now before us meets that test.

It also has been held that a motion to revoke probation "should allege a violation of the law." *Jansson v. State,* 473 S.W.2d 40, 42 (Tex.Cr.App.1971). This ambiguous statement must be understood properly if it is to be considered correct. It does not mean that the motion must perfectly allege all the elements of an offense. It means that if the motion purports to allege a violation of condition a,[2] it must allege conduct that actually is unlawful rather than conduct that is lawful. *Jansson* illustrates this meaning; there the allegation was, "Subject has been arrested with narcotics in his possession." Of course "be[ing] arrested" is not an offense, and having "narcotics in his possession" is not necessarily an offense, and the court so held.

The motion now before us does allege an offense, albeit imperfectly. *Crowl* and *Taylor* did not hold that there was no offense of possession of cocaine; they only held that the allegation "cocaine" did not contain a necessary element of the offense. In fact, *Crowl* clearly stated that cocaine could have fallen within the statutory description of "any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, derivative, or preparation thereof which is

chemically equivalent or identical with any of these substances ...."[3] 611 S.W.2d at 60. The problem was not that the offense did not exist; it was that one of the necessary elements of the offense had been omitted from the indictment. If that element had been alleged, the prosecution could have been maintained. *Cf. Ashcraft v. State,* 565 S.W.2d 926 (Tex.Cr.App.1978) (prosecution for possession of "phentermine, an isomer of methamphetamine" was proper even though phentermine was not named in penalty group).

This case is not like the companion case. No jurisdictional error appears. The judgment is affirmed.

ONION, P.J., concurs in the results.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ODOM, Judge.

This is an appeal from an order revoking probation. On June 18, 1980, the judgment was affirmed in a per curiam opinion. Subsequently the case was submitted for rehearing on the court's own motion. In our opinion of May 20, 1981, the original per curiam opinion was withdrawn, and, after consideration of the issue of whether the motion to revoke was fundamentally defective, the judgment was affirmed.

In the trial court appellant presented a motion to suppress, which challenged the search warrant. After the trial court denied the motion to suppress, appellant entered a plea of true to the motion to revoke. In the previously withdrawn per curiam opinion the court held that appellant's grounds of error challenging the search warrant presented no error because the order revoking probation was based on the plea of true, not on the fruits of the search. On rehearing appellant asserts his plea was

---

**2.** "a. Commit no offense against the laws of this State or of any other State or of the United States ...." V.A.C.C.P. art. 42.12, sec. 6.

**3.** 1973 Tex.Gen.L. ch. 429, subch. 4, Sec. 4.02(b)(3)(D), later amended to include "Cocaine" by 1979 Tex.Gen.L. ch. 598, sec. 6.

entered on condition that he be allowed to appeal the ruling on the motion to suppress. The record of the proceedings in the trial court supports this factual assertion. In view of the holding on original submission that the ruling on the motion to suppress could not be raised on appeal, appellant now argues his plea of true was not knowingly and voluntarily entered and that he was denied due process.

The State contends the issue may not be raised for the first time on rehearing. *Mooney v. State,* 615 S.W.2d 776 (Tex.Cr.App. 1981), is contrary to the State's position:

"In *Wooten v. State,* 612 S.W.2d 561, 563 (Tex.Cr.App.) we held:

" 'If the plea was entered with such an agreement or understanding that the merits of the motion would be preserved for appeal, *then the trial court was not authorized by State law to accept such a plea. . . . As a matter of constitutional law* a guilty plea cannot be said to have been voluntary if it was induced by an agreement approved by the court that a question could be appealed when that agreement could not be fulfilled.' (Emphasis added.)

"Because the trial court lacked authority to accept Dean Mooney's conditional plea, the conviction must be set aside even though the issue was not raised in appellant's brief. *Killebrew v. State,* 464 S.W.2d 838 (Tex.Cr.App.). Furthermore, since the plea was involuntary as a matter of constitutional law, *Wooten,* supra, the conviction violates due process and would be subject to collateral attack. See *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976)."

Although *Mooney* involved a conviction after a plea of nolo contendere, while this case presents a revocation of probation after a plea of true, we do not find this to be a significant distinction. Both pleas were conditional, and the trial court lacked authority to accept a conditional plea. The same reasoning as relied on in *Mooney* requires reversal here.

The motion for rehearing is granted and the judgment is reversed.