Rudy MONTEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–81–090–CR.

Court of Appeals of Texas, Austin.

Feb. 24, 1982.

Clyde A. Wilson, Jr., Dorsey & Morriss, San Angelo, for appellant.

Royal Hart, Dist. Atty., Dick Alcala, Asst. Dist. Atty., San Angelo, for appellee.

PER CURIAM.

This is an appeal from an order of the trial court revoking probation. On September 5, 1978, appellant entered a plea of guilty to the offense of burglary of a building. Tex.Pen.Code Ann. § 30.02(a)(1) (1974). The court assessed punishment at confinement for four years and a fine of $150.00. However, imposition of confinement was suspended, and appellant was placed on probation subject to certain terms and conditions, including the requirement that he "[c]ommit no offense against the laws of this State or of any other State or of the United States...."

Later the State filed a motion to revoke probation, alleging violation of the stated condition, among others. After a hearing on the State's second amended motion to revoke, to which appellant entered a plea of not true, the court found that on January 28, 1981, in Tom Green County, Texas, appellant violated the stated condition of his probation by assaulting a police officer, and also by stabbing another individual with a knife. Based upon these findings, the trial court revoked appellant's probation and imposed the sentence of confinement.

By a single ground of error, appellant contends that the trial court erred because "the State did not prove venue to be in Tom Green County, Texas by a preponderance of the evidence...." In support of his contention, appellant claims that although the question of venue was not raised in the trial court, there was no showing by the State that the two assaults forming the basis for the revocation occurred in Tom Green County. Therefore, it is argued, the lack of venue in that county "otherwise affirmatively appears to the contrary from the record." Tex.Code Cr.P.Ann.art. 44.24(a) (1979). The State has joined issue with appellant, claiming it is circumstantially evident from the record that the assaults occurred in that county.

We will overrule the ground of error.

We initially note that both appellant and the State are under an apparent misapprehension as to the burden facing the State in a revocation proceeding where the basis for revocation is the alleged commission of an "offense against the laws of this State or of any other State or of the United States." Applying this condition of probation to the facts of this case, the only burden facing the State was to prove, by a preponderance of the evidence, that appellant, within the term of his probation, committed an offense against the laws of Texas. *Regalado v. State*, 494 S.W.2d 185 (Tex. Cr.App.1973). Given the territorial effect of the laws of Texas, the offenses here alleged could have occurred in any one or more of 254 Texas counties, and the trial court could have properly exercised its discretion to revoke probation. *See* Tex.Code Cr.P.Ann. art. 42.12, § 5 (Supp.1981).

We have reviewed the record, and find that there was sufficient evidence offered by the State to prove that the offenses forming the basis for revocation were committed in Texas. The appellant does not otherwise challenge the trial court's order. We therefore conclude that there was no abuse of discretion in the trial court's revocation of appellant's probation.

The ground of error is overruled and the order of the trial court is affirmed.