Thomas James TRCKA, Appellant,

v.

The STATE of Texas, Appellee.

No. 3-87-024-CR.

Court of Appeals of Texas,
Austin.

Jan. 20, 1988.

Rehearing Denied Feb. 24, 1988.

Harry A. Nass, Jr., San Antonio, for appellant.

Charles Chapman, Crim. Dist. Atty., Michael S. Wenk, Asst. Crim. Dist. Atty., San Marcos, for appellee.

Before POWERS, BRADY and ABOUSSIE, JJ.

POWERS, Justice.

The prior opinion of this Court, dated December 9, 1987, is withdrawn, and the following is substituted therefor.

On September 16, 1985, Thomas James Trcka entered a plea of guilty to the of-

fense of driving while intoxicated. Pursuant to a negotiated plea agreement, Trcka was assessed a $300.00 fine, ordered to pay court costs, and sentenced to two years confinement in the Hays County Jail. The period of confinement was suspended and Trcka was placed on probation for two years.

On January 8, 1987, the State moved to revoke Trcka's probation, alleging that he had subsequently committed the offenses of involuntary manslaughter and driving while intoxicated. On January 14, 1987, the court conducted a hearing on the State's motion. After hearing the testimony of two witnesses, the court sustained the State's motion. Consequently, Trcka's probation was revoked and he was sentenced to two years confinement in the Hays County Jail. We will affirm the order of the trial court.

*Whether the Original Judgment is Void.* Trcka's first point of error alleges that the trial court committed reversible error in not allowing appellant to withdraw his plea of guilty on the ground that the 1985 judgment is void. Trcka contends no final judgment was entered in 1985;[1] and the purported judgment in that proceeding is actually an order granting deferred adjudication in violation of Tex.Code Cr.P.Ann. art. 42.12 § 3d(d) (Supp.1987).[2] Trcka then reasons that since the 1985 judgment was unlawful, there was not a valid judgment that could be revoked.

Whatever the 1985 "judgment" was, it was clearly not a final appealable judgment. As is apparent from the language quoted in footnote 1 of this opinion, no judgment on the verdict of guilty was entered. In the absence of any showing in the transcript that a judgment on the verdict of guilty was entered by the trial

court, substantially in the form prescribed by Tex.Code Cr.P.Ann. art. 42.01 § 1 (Supp. 1987), there is nothing for this Court to review. *See Bradley v. State,* 151 Tex.Cr. R. 579, 210 S.W.2d 592 (1948); *Davis v. State,* 145 Tex.Cr.R. 188, 167 S.W.2d 523 (1942). However, a valid judgment *was* entered on January 14, 1987 when Judge Warner revoked the 1985 order. Having determined that there is a final order that is appealable, we may now consider the merits of Trcka's points of error.

■ We disagree with Trcka's contention that the invalidity of the original "judgment" gave him a right to withdraw his plea of guilty. Once a trial judge takes a case under advisement or pronounces judgment, the decision whether to allow a defendant to withdraw his plea lies in the trial court's discretion. *DeVary v. State,* 615 S.W.2d 739 (Tex.Cr.App.1981). In the present case, since almost two years had passed since Trcka pleaded guilty, it was not an abuse of discretion to refuse to allow him to withdraw his plea.

■ If in fact the original "judgment" was an order granting deferred adjudication, as appellant claims it was, he cannot complain about the decision to proceed to adjudicate because that decision is not appealable. Tex.Code Cr.P.Ann. art. 42.12, § 3d(b). Furthermore, regardless of whether the original "judgment" was an unauthorized attempt to grant deferred adjudication or an ineffective attempt to grant ordinary probation in which no final judgment was entered, Trcka may not, after accepting the benefit of release, complain on appeal that such leniency was a defect. *See Coleman v. State,* 640 S.W.2d 889, 893 (Tex.Cr.App.1982); *see also Tillis v. State,* 647 S.W.2d 268 (Tex.Cr.App.1983).

1. The "judgment" contains the following language: "IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that the finding of guilty herein *shall not be final,* that no judgment be rendered thereon, and that Defendant be, and is hereby placed on probation in this cause." [emphasis added] This language would have been appropriate in granting misdemeanor probation prior to August 27, 1979. *See* Tex.Code Cr.P.Ann. art. 42.13, § 4 (1979), since repealed. However, since the enactment of 1979 Tex.Gen.Laws, ch. 654, § 1, at 1514, effec-

tive August 27, 1979, a trial court is not authorized to suspend entry of judgment reflecting an adjudication of guilt, but only to suspend imposition of sentence.

2. The statute provides in pertinent part as follows: "This section [dealing with deferred adjudication] does not apply to a defendant charged with an offense under ... Article 6701*l*-1 [offense of Driving While Intoxicated] ..."

*Lack of Specificity in the Original Information.* Trcka argues in his second point of error that the trial court committed reversible error in overruling appellant's motion to quash the original information. As a general rule, an appeal from an order revoking probation is limited to the propriety of the revocation order and does not include a review of the original conviction. *Hoskins v. State*, 425 S.W.2d 825 (Tex.Cr.App.1967). However, the original judgment of conviction may be collaterally attacked on appeal from a revocation order if fundamental error was committed. *Dinnery v. State*, 592 S.W.2d 343, 350 (Tex.Cr.App.1980) (opinion on rehearing); *Huggins v. State*, 544 S.W.2d 147 (Tex.Cr.App.1976). Stated in another way, any complaint concerning the original judgment of conviction that could be raised in a post-conviction habeas corpus proceeding pursuant to Tex. Code Cr.P.Ann. art. 11.07 (1977 and Supp. 1987) may also be raised on appeal from an order revoking probation. *Ramirez v. State*, 486 S.W.2d 373 (Tex.Cr.App.1972) [to require a separate habeas corpus proceeding would be to require a useless thing].

The type of error that may be collaterally attacked is one that renders the proceeding absolutely void. Nonfundamental errors are merely voidable; this type of error requires reversal if attacked on direct appeal, but may not be collaterally attacked in the absence of a showing of harm. *See Ex Parte Shields*, 550 S.W.2d 670, 675–676 (Tex.Cr.App.1977). This Court has previously held that the failure of a charging instrument to specify which definition of intoxication the State is relying upon is not a fundamental defect requiring automatic reversal. *See Russell v. State*, 710 S.W.2d 662 (Tex.App.1986, pet. ref'd) (no prejudice to defendant when the State's lack of scientific evidence of intoxication necessarily meant that State had to rely on the alternate statutory definition of intoxication).

Because the error to which appellant now objects rendered the original judgment voidable, but not void, it is not a proper basis for a collateral attack. Trcka's point of error is overruled.

*Lack of Specificity in the Motion to Revoke Probation.* Trcka argues in his third and fourth points of error that the trial court committed reversible error in denying appellant's motion to quash the charging paragraphs in the State's motion to revoke probation. The basis for Trcka's motion was that the State failed to specify which definition of "intoxicated" it planned to prove.[3]

The relevant portion of the State's motion averred:

\* \* \* \* \* \*

B. During the period of said probation the said THOMAS J. TRCKA has violated the terms of his probation as follows:

1. Within said probationary period, the Defendant THOMAS J. TRCKA violated a term and condition of his probation. Specifically the Defendant, on or about the 26th day of April, A.D., 1986 in Bexar County, Texas, did then and there by accident and mistake when operating a motor vehicle while intoxicated, and by reason of such intoxication cause the death of an individual Norman Shepard by then and there driving said motor vehicle into and causing it to collide with a motor vehicle occupied by Norman Shepard.

2. Within said probationary period, the Defendant THOMAS J. TRCKA violated a term and condition of his probation. Specifically the Defendant, on or about the 26th day of April, A.D., 1986 in Bexar County, did then and there drive and operate a motor vehicle in a public place while intoxicated.

\* \* \* \* \* \*

It is well-established that the allegations in a motion to revoke probation need not be as precise as those in an infor-

---

3. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(a)(2) defines "intoxicated" as:

   (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a

drug, or a combination of two or more of those substances into the body; *or*

(B) having an alcohol concentration of 0.10 or more. [emphasis added]

mation or an indictment, although they must give sufficient notice to afford due process. *Campbell v. State,* 456 S.W.2d 918 (Tex.Cr.App.1970). While a motion to revoke probation "should allege a violation of the law," *Jansson v. State,* 473 S.W.2d 40, 42 (Tex.Cr.App.1971), the motion need not perfectly allege all the elements of an offense. *Crawford v. State,* 624 S.W.2d 906, 908 (Tex.Cr.App.1981).

█ For example, in *Crawford,* the motion to revoke set forth that the probationer did "knowingly and intentionally possess a controlled substance namely: Cocaine." *Id.* at 907. The Court of Criminal Appeals held in a companion case that an identical allegation contained in an *indictment* was fundamentally defective because cocaine was not expressly named as a controlled substance in the relevant statute; therefore, the indictment failed to allege an essential element of the offense. *Id.* Yet the court held in *Crawford* that this allegation was not fatally defective in a *motion to revoke* because the allegation correctly set forth conduct that was unlawful, although the offense was imperfectly alleged. *Id.* at 908.

On the basis of the opinion in *Crawford,* we do not believe that the motion to revoke in the present case was fatally defective. Therefore, the trial court did not err in overruling the motion to quash. We overrule Trcka's third and forth points of error.

█ *Insufficient Evidence that the DWI Occurred in Bexar County.* Trcka argues that the State failed to prove that the DWI offense that was the basis of the revocation occurred, as alleged, in Bexar County, Texas. The county in which an alleged offense occurs is not an essential element of the State's case in a revocation hearing; the State only needs to prove, by a preponderance of the evidence, that the crime was committed in Texas. *Montez v. State,* 629 S.W.2d 871 (Tex.App.1982, no pet.). A witness for the State testified that the events he was relating occurred on IH–35, between San Antonio and Austin. We find this evidence sufficient to prove, by a preponderance, that the crime oc-

curred in Texas. Accordingly, we overrule the point of error.

█ *Insufficient Evidence of Intoxication.* Trcka alleges that the evidence is insufficient to show that he was intoxicated. The evidence presented at the revocation hearing contains the uncontroverted testimony of two eyewitnesses to the April 26, 1986 accident. The first witness, Anna Maria Perez, testified that the vehicle driven by Trcka, a brown pickup, forced her to change lanes in order to avoid being rear-ended by his truck; that the pickup passed her going about 70 to 75 miles per hour; that she pulled over and stopped her car; and that she saw that there had been a collision between the brown pickup and another car.

The second witness, Paul David Derringer, testified that he observed Trcka driving a brown pickup along IH–35 in an erratic manner; that on four occasions the pickup almost hit signs on the side of the road; that on one occasion the pickup left the road entirely and drove underneath a sign on the roadside; that the pickup traveled at erratic speeds, but up to 75 miles per hour; that Trcka was drinking from a brown beer bottle; that the pickup forced Mr. Derringer's vehicle off the roadway to avoid a collision; and, that he came upon the collision moments after it occurred. Following the accident, Mr. Derringer assisted police by identifying Trcka as the driver of the brown pickup. Trcka was apprehended after he wandered off on foot from the accident scene. At the time of Derringer's identification of Trcka, Mr. Derringer had an opportunity to observe Trcka and formed the opinion that he was extremely drunk.

█ The State was bound to prove its allegation by a preponderance of the evidence. *See Scamardo v. State,* 517 S.W.2d 293, 298 (Tex.Cr.App.1974). We believe the evidence presented at the revocation hearing permits a reasonable inference, under that standard, that Trcka was operating the pickup while intoxicated. We therefore overrule his point of error.

The order revoking probation is affirmed.

BRADY, J., not participating.