IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-236-CR





WINSTON KIRBY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 99,811, HONORABLE TOM BLACKWELL, JUDGE PRESIDING



 





 This appeal is taken from an order revoking probation. On August 1, 1990, the
appellant entered a plea of not guilty to the offense of aggravated robbery as charged in the
indictment. In a bench trial the appellant was found guilty. Appellant's punishment was assessed
at ten years' imprisonment and a fine of one thousand dollars. The trial court, not having made
any finding as to the use or exhibition of a deadly weapon, suspended the imposition of the
sentence and placed the appellant on probation subject to certain conditions.

 On April 8, 1991, after a hearing on the State's motion to revoke probation, the
trial court found at least six violations of the probationary conditions, revoked probation and
sentenced the appellant. Notice of appeal was given.

 Appellant advances six points of error. First, appellant contends that the trial court
erred in overruling his "Motion to Suppress Conviction/Writ of Habeas Corpus," denying him the
right to appeal the underlying conviction of aggravated robbery prior to a hearing on the State's
motion to revoke probation. In the next four points of error, appellant attacks the underlying
conviction, claiming that the trial court failed to advise him of his right to appeal the aggravated
robbery conviction; that his trial counsel failed to give notice of appeal, depriving him of the
effective assistance of counsel; and that the evidence was insufficient, in two respects, to support
his conviction for aggravated robbery. In the sixth point of error, appellant argues that the trial
court abused its discretion in revoking probation because there was no showing at the revocation
hearing "that appellant was aware of the conditions of probation." We will affirm the order
revoking probation.

 We shall consider the points of error in somewhat reverse order since the sixth
point is the only one dealing directly with the revocation of probation. Appellant's contention that
there was no showing that he was aware of the probationary conditions is raised for the first time
on appeal. No objection was offered at trial on this basis, and nothing is presented for review. 
Lejune v. State, 538 S.W.2d 775, 780 (Tex. Crim. App. 1976). Further, the record shows that
the trial judge read to the appellant the conditions of probation at the time appellant was placed
on probation. A probation officer testified she saw appellant sign the conditions of probation, and
that she personally gave appellant a copy of those conditions. Also, at the revocation hearing, the
trial court took judicial notice, with the consent of appellant's counsel, of the court's records in
this cause, including the conditions of probation. That record shows that "Winston Kirby"
acknowledged receipt of a copy of the conditions of probation. The point of error is without
merit.

 As a general rule, an appeal from an order revoking probation is limited to the
propriety of the revocation order and does not include a review of the original or underlying
conviction. Whetstone v. State, 786 S.W.2d 361, 363 (Tex. Crim. App. 1990); Hoskins v. State,
435 S.W.2d 825, 827 (Tex. Crim. App. 1967); Trcka v. State, 744 S.W.2d 677, 680 (Tex. App.
1988, pet. ref'd). However, the original or underlying judgment of conviction may be collaterally
attacked on appeal from a revocation order if fundamental error was committed. Dinnery v. State,
592 S.W.2d 343, 350 (Tex. Crim. App. 1980) (op. on reh'g); Huggins v. State, 544 S.W.2d 343,
350 (Tex. Crim. App. 1976); Smola v. State, 736 S.W.2d 265, 266 (Tex. App. 1987, no pet.). 
Any complaint concerning the original judgment of conviction that can be raised in a post-conviction habeas corpus proceeding may also be raised on appeal from an order revoking
probation. Ramirez v. State, 486 S.W.2d 373, 374 (Tex. Crim. App. 1972); see also Dinnery,
592 S.W.2d at 350; Puckett v. State, 801 S.W.2d 188, 192 (Tex. App. 1990, pet. ref'd), cert.
denied ___ U.S. ___, 112 S.Ct. 606, 116 L.Ed. 2d 629 (1991). The type of error that may be
collaterally attacked is one that renders the proceedings absolutely void. Nonfundamental errors
are merely voidable; this type of error may require reversal if attacked on direct appeal, but may
not be collaterally attacked in the absence of a showing of harm. See Ex parte Shields, 550
S.W.2d 670, 675-76 (Tex. Crim. App. 1977); Trcka, 744 S.W.2d at 680.

 In two points of error, appellant contends that the evidence is insufficient to support
his underlying conviction for aggravated robbery. These complaints cannot be raised for the first
time on appeal from a revocation of probation. The sufficiency of the evidence to sustain the
underlying conviction cannot be collaterally attacked in an appeal from an order revoking
probation. See Vaughn v. State, 608 S.W.2d 237 (Tex. Crim. App. 1980), Taylor v. State, 561
S.W.2d 492, 494 (Tex. Crim. App. 1978); Puckett, 801 S.W.2d at 191. Appellant's fourth and
fifth points of error are overruled.

 In his second point of error, appellant urges that at the time he was placed on
probation following his conviction for aggravated assault, the trial judge did not advise him of his
right to appeal. A trial judge has the discretion but not the duty or responsibility to inform a
defendant of his right to appeal. Ex parte Axel, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988). 
Appellant does not allege or claim that he had no knowledge of his right of appeal at the time. 
Further, the record contains a written waiver of the right of appeal, signed by the appellant and
his counsel and approved by the trial judge. The waiver acknowledges that appellant consulted
with his lawyer concerning his right to appeal, shows the lawyer advised appellant of his right to
appeal, and reflects that the trial judge found that appellant understood the consequences of his
waiver, that he intelligently and voluntarily waived the right of appeal, and that the trial court
accepted the waiver. This is not the type of error, if any error at all, that may be raised
collaterally attacking the original judgment of conviction on an appeal from an order revoking
probation. The second point of error is overruled.

 In his third point of error, appellant collaterally attacks the original conviction,
contending that he was deprived of his right to effective assistance of counsel because his counsel
did not timely file a notice of appeal from the original conviction when he was placed on
probation. He claims that he is now entitled to an out-of-time appeal. It is true that claims of
ineffective assistance of counsel may be successfully raised in post-conviction habeas proceedings
under Tex. Code Crim. Proc. Ann. art. 1.07 (1977 & Supp. 1992). If this point can properly be
raised on an appeal from an order revoking probation, we observe that no objection on this basis
was offered in the trial court. In order to preserve error for review there must be a timely and
specific objection. Tex. R. App. P. Ann. 52(a) (Pamph. 1992). In raising this matter for the first
time on appeal from the revocation order, appellant makes no claim that he desired to appeal when
he was placed on probation and his counsel failed to heed his desires. The record in regard to this
contention is simply not developed. Appellant urges, however, our consideration of the
contention, notwithstanding the executed waiver of appeal discussed earlier.

 In Ramirez v. State, 486 S.W.2d 373, 374 (Tex. Crim. App. 1972), it was held that
where it is shown that the underlying conviction was the outcome of a trial in which the accused
was denied counsel, the appellate court will review the denial of counsel on appeal from an order
revoking probation. Moreover, the trial court errs when it refuses to allow a defendant to
collaterally attack his underlying conviction at a revocation hearing on the basis of ineffective
assistance of counsel at the time of his conviction. Carter v. State, 61 S.W.2d 557 (Tex. Crim.
App. 1982). Since Carter had made an effort to make a showing of his ineffective assistance
claim, the appeal was abated for a hearing on the claim. Id.; cf. Warren v. State, 744 S.W.2d
614, 615 (Tex. Crim. App. 1988). Here, appellant was not without counsel at the time of the
underlying conviction as in Ramirez, nor did he claim at the time of the revocation hearing or
show or attempt to show ineffective assistance for the failure to give notice of appeal at the time
of his conviction. In addition to no claim or objection on the ground now urged, it must be
remembered that the complaint on appeal must comport with any objection at trial. Sterling v.
State, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990), cert. denied, ___ U.S. ___, 111 S.Ct. 2816
(1991); Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). Appellant did not
preserve any contention for review.

 If it can be argued otherwise, appellant has not shown how the failure to give notice
of appeal, even putting the written waiver of appeal aside, has rendered trial counsel ineffective
under the two-pronged test of Strickland v. Washington, 466 U.S. 668 (1984). Under the
Strickland test, a defendant must affirmatively show (1) that counsel's performance was deficient
(not "reasonably effective") and (2) that there was prejudice (but for counsel's unprofessional
errors, the result of the proceeding would have been different). An isolated failure to object to
certain procedural mistakes or improper evidence or take certain procedural steps does not in and
of itself constitute ineffective assistance of counsel. See Ingham v. State, 679 S.W.2d 503, 509
(Tex. Crim. App. 1984). Even if the "reasonably effective assistance" test be applied, see Ex
parte Walker, 777 S.W.2d 427 (Tex. Crim. App. 1989), appellant's point of error still fails to
pass muster. The third point of error is overruled.

 Lastly, we consider the initial point of error. Appellant contends that the visiting
trial judge, Judge Tom Blackwell, who did not preside at appellant's trial on the merits, erred in
overruling "appellant's motion to suppress conviction/writ of habeas corpus," denying him his
right to appeal the underlying conviction prior to the hearing on a motion to revoke his probation. 
The "motion," filed after the motion to revoke probation and prior to the revocation hearing was
limited in its allegations. (1) It alleged only that after appellant's "conviction but before being
sentenced" (2) he involuntarily executed a waiver of appeal, having been coerced by an ultimatum
of waiving appeal in return for "ten years probation" or being sentenced to ten years in prison. 
While the "motion" does not so allege, appellant argues that the coercer was the original trial
judge. The "motion's" prayer requested that the waiver of appeal be found to be involuntary, that
the admission of the "conviction, judgment and sentence" be suppressed at the revocation hearing
and appellant be allowed to exercise his right of appeal "in this cause."

 Appellant does not explain the nature or office of a "motion to suppress
conviction," nor does he brief the authority of a trial judge to grant an out-of-time appeal under
the circumstances presented. Further, the motion was clearly not an application for writ of habeas
corpus. It was not sworn to nor did it meet the other requisites of an application or petition for
a writ of habeas corpus. (3) See Tex. Code Crim. Proc. Ann. art. 11.22 (1977). Under any
circumstances, the trial court accorded the appellant a hearing on his motion. Cf. Tex. Code
Crim. Proc. Ann. art. 28.01, § 1(6) (1989) (motion to suppress evidence).

 At the hearing, appellant testified that after he had been granted probation he was
in the hallway outside the courtroom. He related his attorney approached him and informed him
that Judge Perkins had given him a choice of taking the "ten years probation" with the condition
of a waiver of appeal or ten years in prison. Appellant stated that his counsel told him Judge
Perkins "wanted this now," and that counsel would not let him confer with his father. Appellant
stated that he signed the waiver as he did not want to go to jail. He did not return to the
courtroom for any further proceedings.

 Appellant's trial counsel testified that after the penalty stage of the trial, the trial
judge thought the offense was serious and was inclined to a prison term; that in view of the
evidence and the State's recommendation, a request for consideration of probation was made. It
was clear in counsel's mind that the trial court would consider probation if a waiver of appeal was
filed. If not, the punishment would be ten years' imprisonment.

 On direct examination, the record reflects:


Q. Was the sentence of ten years probation conditional upon the signing of that
waiver?


A. I don't think there was a direct connection in the sense that, "If you don't then
. . ." but it was clear that the court was leaning towards a ten-year sentence
in T.D.C., but would consider probation if the right to appeal was waived. 
That was very clear.



 On cross-examination, appellant's counsel was asked:


Q. Was there ever a promise or condition, though, either way, expressly made to
you or anyone that you know of?


A. Not that I remember.



 The record of the trial on the merits was introduced before Judge Blackwell. 
Nothing therein makes reference to any waiver of appeal. The trial record does show that Judge
Perkins, upon recommendation of both parties, made no affirmative finding as to the use or
exhibition of a deadly weapon in the commission of the offense in order to place the appellant on
probation.

 Judge Blackwell was the trier of fact and the judge of the credibility of the
witnesses and the weight to be given to their testimony. He did not abuse his discretion in
overruling the "motion." The first point of error is overruled.

 The order revoking probation is affirmed.


 John F. Onion, Jr., Justice


[Before Justices Aboussie, Kidd and Onion*]

Affirmed

Filed: September 16, 1992

[Do Not Publish]



* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (1988).
1.   The "motion" did not allege ineffective assistance of counsel.
2.   In probation cases the imposition of the sentence is suspended and the defendant placed on
probation subject to certain conditions. Tex. Code Crim. Proc. Ann. art. 42.12, §§ 1, 3 (Supp.
1992). Thus, in the instant case no sentence was imposed at the time appellant was placed on
probation. Cf. Tex. Code Crim. Proc. Ann. art. 42.12, § 8 (Supp. 1992) where suspension of
execution of sentence is suspended in "shock probation" cases.
3. Appellant relates he added "Writ of Habeas Corpus" to the label on the motion at the
suggestion of the trial court. The "motion" in the record does not contain the habeas corpus label. 
A habeas corpus proceeding is a separate and distinct proceeding from the criminal cause initiated
by the presentation of an indictment or information. It should be docketed separately and given
its own cause number.