IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-94-459-CR




KENNETH RAY DANIELS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT



NO. 92-020, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING


 





PER CURIAM

 This is an appeal from an order of the district court revoking appellant's probation. 
Appellant was placed on probation following his conviction for forgery, a third-degree felony at
the time of the offense. Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 32.21(d), 1973 Tex. Gen.
Laws 883, 935 (Tex. Penal Code Ann. § 32.21(d), since amended). The punishment is
imprisonment for seven years and a $500 fine.

 The court found four of the alleged violations of the conditions of probation to be
true. In his only point of error, appellant contends the evidence is legally insufficient to sustain
these findings. If there is sufficient evidence to sustain even one of the violations found by the
court, the order will be affirmed. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

 One of the allegations found true by the district court was that appellant "appeared
intoxicated in a public place, to the extent he became a danger to himself and another." See Act
of May 25, 1985, 69th Leg., R.S., ch. 809, § 1, 1985 Tex. Gen. Laws 2859 (Tex. Penal Code
Ann. § 42.08(a), since amended and renumbered as § 49.02(a)). (1) Luling police officer Kenneth
Ray Thicke testified that he responded to a disturbance call at a bar on December 10, 1993. 
When he arrived at the scene, appellant was walking away from the bar with a bottle of beer in
his hand. Thicke described appellant as "very unsteady on his feet, could hardly walk a straight
line, his eyes were red, bloodshot, he had a strong odor of alcohol about his breath, and I felt like
he was a danger to himself or others." Thicke arrested appellant for public intoxication. This
testimony is sufficient to establish, by a preponderance of the evidence, that appellant violated two
of the conditions of his probation: that he commit no offense and that he abstain from the use of
intoxicating liquor. See Naquin v. State, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980).

 The revocation of appellant's probation has not been shown to be an abuse of the
district court's discretion. The order revoking probation is affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: February 1, 1995

Do Not Publish

1. Appellant also argues multifariously that the motion to revoke did not adequately allege a
violation of section 42.08. Appellant did not raise this complaint below. We find, moreover, that
the motion to revoke gave appellant fair notice that he was accused of violating the conditions of
his probation by committing the offense of public intoxication. See Trcka v. State, 744 S.W.2d
677, 680-81 (Tex. App.--Austin 1988, pet. ref'd).