TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00391-CR







James Theodore Gillum, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. CR87-0353-A, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING






PER CURIAM

Appellant James Theodore Gillum was placed on community supervision following
a conviction for possession of a controlled substance. Following a hearing on the State's motion,
the district court revoked supervision and imposed sentence of imprisonment for ten years and a
$2500 fine. We will affirm the revocation order.

One of the alleged violations was:


The Defendant violated section (k) of the order placing him on probation in that the
said JAMES THEODORE GILLUM on or about the 28th day of February, 1996,
was present at a location where a criminal act was being committed, to-wit:
Residence at 4543 A Doss Rd., Austin, Travis County, Texas, where marijuana
was being possessed.



Appellant contends his motion to quash this allegation should have been granted because the
alleged condition (k) was vague and uncertain, and failed to give him fair notice of the conduct
prohibited.

Conditions of supervision must be clear and unambiguous, so that the probationer
can know what is expected of him. See Flores v. State, 513 S.W.2d 66, 69 (Tex. Crim. App.
1974). Condition (k) provided: "Defendant shall not associate with any person previously
convicted of felony; defendant shall not be present at any location where a criminal act is being
committed." Appellant argues that condition (k) was vague and ambiguous because it combined
two independent clauses in a single sentence separated by a semicolon. He cites no opinions on
point. Instead, appellant supports this argument with a quote from a style manual regarding the
proper use of a semicolon. See Tex. L. Rev., Manual of Style § 4:8:1 (7th ed. 1992). 

Appellant asserts without elaboration or explanation that condition (k), as written,
was "capable of numerous interpretations." We are not persuaded by this assertion. Whatever
its grammatical merits, condition (k) plainly and unambiguously told appellant (1) not to associate
with a convicted felon and (2) not to remain at a location where a criminal act is being committed. 
We find the condition to be neither vague nor ambiguous, and therefore overrule point of error
six.

Appellant further contends the evidence adduced at the revocation hearing does not
support the finding that he violated condition (k) as alleged. Appellant urges that the State failed
to prove (1) that he was intentionally or knowingly present at a location where a criminal act was
occurring, (2) that the alleged violation occurred at 4543 A Doss Road in Austin, Travis County,
Texas, and (3) that the substance in question was marihuana. The State must prove an alleged
violation of the conditions of community supervision by a preponderance of the evidence. Cobb
v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). That burden is met if the greater weight
of the credible evidence creates a reasonable belief that the defendant violated a condition of
supervision. Scamardo v. State, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974). An appellate
court must view the evidence in the light most favorable to the trial court's findings. Garret v.
State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).

Travis County probation officer Marisa Garcia testified that she supervised
appellant under a "courtesy supervision" from Tom Green County. On February 28, 1996, she
and another probation officer went to appellant's residence for a field visit. When appellant
opened the door, Garcia saw smoke and smelled the odor of marihuana. Inside, Garcia saw a bag
containing a green leafy substance that appeared to be marihuana. When one of the officers
remarked, "It smells like pot in here," an unidentified man who was sitting in the living room
replied, "No shit." The officers left the residence without seizing the suspect substance for
chemical analysis.

The next day, appellant reported to Garcia's office. He told her the marihuana she
saw belonged to his brother and that "it was forced on him and that he regretted it." He added,
"[A]ll of Austin smokes marihuana . . . I am the only one who doesn't smoke it."

Appellant argues that Garcia was not qualified to identify the substance she saw at
his residence as marihuana. Garcia testified that she had seen pictures of marihuana and was
familiar with its odor from past experience. We need not decide whether Garcia's opinion was
alone sufficient to establish that the substance was marihuana because her opinion was not the only
evidence before the district court. The court also heard Garcia's testimony regarding the
conversation at appellant's residence and appellant's statements to Garcia the following day. 
Viewing all the testimony in the light most favorable to the court's finding, we believe the district
court could reasonably conclude that the greater weight of the credible evidence supports a finding
that the substance was marihuana. Appellant's comments to Garcia also support a finding that he
knew that marihuana was being kept in his residence, and thus was knowingly present at a location
where a crime was being committed. 

The State did not prove that appellant's Austin address was 4543 A Doss Road. 
Motions to revoke probation or community supervision have never been held to the same strict
pleading requirements applied to indictments, however. See Labelle v. State, 692 S.W.2d 102,
105 (Tex. Crim. App. 1985); Crawford v. State, 624 S.W.2d 906, 908 (Tex. Crim. App. 1981). 
A motion to revoke must simply give fair notice of the alleged violation in order to comport with
minimum due process. See Labelle, 692 S.W.2d at 105 n.2 (citing numerous cases). Probation
may be revoked even for a violation not alleged in the motion to revoke, provided the violation
was necessarily included in the alleged violations. See Cleland v. State, 572 S.W.2d 673, 675-76
(Tex. Crim. App. 1978); Chacon v. State, 558 S.W.2d 874, 876 (Tex. Crim. App. 1977).

In this cause, the motion to revoke informed appellant that he was accused of
violating the conditions of his community supervision by remaining at a location where a crime
was being committed. We have already determined that the preponderance of the evidence proves
this accusation. The State's failure to prove that the violation occurred at the precise street address
alleged in the motion to revoke does not render the evidence insufficient to sustain the revocation
order. See Montez v. State, 629 S.W.2d 871, 872 (Tex. App.--Austin 1982, no pet.). Point of
error five is overruled.

Appellant's other points of error challenge the district court's finding of a second
violation of supervision. We need not address these points because proof of only one violation
is sufficient to support a revocation order. See Sanchez v. State, 603 S.W.2d 869, 871 (Tex.
Crim. App. 1980). 

The order revoking community supervision is affirmed.


Before Justices Jones, Kidd and Dally*

Affirmed

Filed: May 20, 1999

Do Not Publish








* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



ision by a preponderance of the evidence. Cobb
v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). That burden is met if the greater weight
of the credible evidence creates a reasonable belief that the defendant violated a condition of
supervision. Scamardo v. State, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974). An appellate
court must view the evidence in the light most favorable to the trial court's findings. Garret v.
State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).

Travis County probation officer Marisa Garcia testified that she supervised
appellant under a "courtesy supervision" from Tom Green County. On February 28, 1996, she
and another probation officer went to appellant's residence for a field visit. When appellant
opened the door, Garcia saw sm