**Savoy RYLANDER, Appellant,**

v.

**The STATE of Texas.**

**No. 2–97–377–CR.**

Court of Appeals of Texas,
Fort Worth.

May 21, 1998.

Richard Gladden, Denton, for Appellant.

Bruce Isaacks, Criminal District Attorney, Kathleen Walsh, Pamela J. Moore, Earl Dobson, Assistant District Attorneys, Denton, Matthew Paul, State Prosecuting Attorney, Austin, for State.

Before CAYCE, C.J., and DAY and LIVINGSTON, JJ.

**OPINION**

PER CURIAM.

Savoy Rylander appeals from the revocation of her community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (Vernon Supp.1998). She argues that because the trial court failed to admonish her as to the possible punishment range, her plea of true was involuntary. We affirm.

Appellant pleaded guilty, under a plea-bargain agreement, to forgery by check. The trial court sentenced her to one year's confinement, probated for two years, and a $300 fine. The State then filed a motion to revoke appellant's community supervision. Appellant pleaded true, and the court sentenced appellant to 180 days' confinement.

Appellant argues that the trial court did not advise her of the possible range of punishment before she pleaded true. The mandatory admonishments a trial court must give when a defendant pleads guilty do not apply when a defendant pleads true in a revocation of community supervision proceeding. *See Lindsey v. State,* 902 S.W.2d 9, 12 (Tex.App.—Corpus Christi 1995, no pet.). Accordingly, her plea was not rendered involuntary.

filing a motion for new trial alone is not sufficient to show *presentment. See Reyes,* 849 S.W.2d at 815.

We overrule appellant's sole issue and affirm the trial court's judgment.