**Eloy James GUTIERREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13-00-277-CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 13, 2001.

Rehearing Overruled Jan. 10, 2002.

▉

Leslie Werner De Soliz, Brown & Associates, Victoria, for Appellant.

Carlos Valdez, Nueces County Dist. Atty., Corpus Christi, for Appellee.

## OPINION

VALDEZ, Chief Justice.

Appellant, Eloy James Gutierrez, appeals from the trial court's judgment revoking his community supervision. By five issues, appellant complains of ineffective assistance of counsel and that his plea was involuntary. We reverse the judgment and remand the cause for further proceedings.

On August 15, 1991, appellant pleaded guilty, under a plea agreement to the offense of attempted sexual assault. The trial court sentenced him to ten years in prison and assessed a $750 fine, but suspended the imposition of the sentence, and placed him on probation[1] for ten years. On January 31, 2000, the State filed a motion to revoke his community supervision. The appellant struck a plea agreement with the State, that "in *exchange* for Defendant's pleas of true, the State agrees to recommend revocation and incarceration" for three years. The trial court revoked his supervision, but refused to follow the recommendation. Instead, the trial court sentenced appellant to ten years in prison.

Appellant asserts in his second issue that he received ineffective assistance of counsel because his attorney failed to request withdrawal of his plea of true after the trial court refused to follow the State's recommendation.

At the heart of the issue in this case is the question: What is the applicability of plea agreements to a motion to revoke community supervision?

In order to answer that question, we must examine whether or not a right that traditionally has been applied to the guilt/innocence phase, i.e., the right to

---

1. We recognize that in 1993, the Texas Legislature amended the code of criminal procedure stating that "a reference in the law to probation or deferred adjudication means community supervision as that term is defined in Section 2, Article 24.12, Code of Criminal Procedure." Act of Sept. 1, 1993, 73d Leg., R.S., ch. 900, § 4.04, 1993 Tex. Sess. Law Serv. 3746.

withdraw a plea after a judge refuses a plea agreement, is applicable to a motion to revoke community supervision. The United States Supreme Court in *Santobello v. New York*, emphasized the importance that plea agreements have in judicial proceedings stating:

> This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, *such promise must be fulfilled.*

*Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (emphasis added).

■ Such "considerations presuppose fairness in securing agreement between an accused and a prosecutor." *Id.* at 261, 92 S.Ct. 495. Accordingly, a proceeding in which an accused waives fundamental rights: to a jury trial, to confront one's accusers, to present witnesses in one's defense, to remain silent, and to be convicted by proof beyond all reasonable doubt "is a serious and sobering occasion." *Id.* at 264, 92 S.Ct. 495 (Douglas, J., concurring). Further, we recently recognized the important role that plea agreements play in our criminal justice system, noting that plea bargains allow "the parties to choose predictability over unpredictability . . . ." *In re Rubio*, 55 S.W.3d 238, 242, 2001 Tex.App. LEXIS 5624 at *7 (Corpus Christi 2001, orig. proceeding).

■ The Supreme Court in *Santobello* also noted other policy reasons for honoring agreements between the State and the defendant stating:

> Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons. It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pretrial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned.

*Santobello*, 404 U.S. at 261, 92 S.Ct. 495 (quoting *Brady v. United States*, 397 U.S. 742, 751–52, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)).

■ We recognize that there is no express statutory command regarding the right to withdraw a plea of true in a motion to revoke. However, in light of the waiver of rights that is involved in the motion to revoke community supervision, and the important and beneficial role that plea bargains play in our justice system, we hold that the right to withdraw a plea of true after the trial court rejects the plea agreement should be applied in a motion to revoke community supervision.

Our holding is not without precedent. In *Crawford v. State*, the Texas Court of Criminal Appeals held that a substantive right which had previously been applied at the guilt/innocence phase is also applicable to a motion to revoke proceeding. *Crawford v. State*, 624 S.W.2d 906, 909 (Tex. Crim.App.1981). The Texas Court of Criminal Appeals relied on its previous decision in *Mooney v. State*, to hold that the trial court improperly and without authority accepted a conditional plea. *Id.*; (citing *Mooney v. State*, 615 S.W.2d 776,

778 (Tex.Crim.App.1981)). After reaching its ruling, that the trial court had no authority to accept a conditional plea, the court then applied that same analysis to a motion to revoke probation. *Id.* Reasoning that although *"Mooney* involved a conviction after a plea of nolo contendere, while this case presents a revocation of probation after a plea of true, we do not find this to be a significant distinction." *Id.* (applying the holding in *Mooney* to revocation proceedings). Accordingly, we rely on *Crawford,* not to apply the voluntariness analysis, but to apply the court of criminal appeals' holding that allows rights that are effective in the trial to also be effective at a proceeding on a motion to revoke community supervision. *Id.*

The dissent uses the holdings in *Harris* and *Lanum* to argue that while the right to withdraw a plea of true is available for defendants in the context of guilty pleas, it is not afforded to defendants in the context of a motion to revoke community supervision. *Harris v. State,* 505 S.W.2d 576, 578 (Tex.Crim.App.1974); *Lanum v. State,* 952 S.W.2d 36, 39 (Tex.App.-San Antonio 1997, no pet.). However, both *Harris* and *Lanum* are distinguishable on their facts.

In *Harris,* the appellant argued that the trial court failed to properly admonish him in his revocation of probation proceeding. The *Harris* court stated: "W e hold that *admonishments* provided for in Article 26.13 do not apply in revocation of probation proceedings." *Harris,* 505 S.W.2d at 578 (emphasis added). *Harris* holds that a defendant need not receive article 26.13 admonishments in a motion to revoke; however, *Harris* does not hold that a defendant has no right to withdraw his plea in a motion to revoke when the trial court does not follow the terms of a plea agreement.

■ We acknowledge that the admonishments in article 26.13 are not applicable to motions to revoke proceedings; however, the present case does not involve issues of admonishments, but rather involves a defendant's substantive right to withdraw his plea after a trial court refuses to follow a plea agreement.

As for *Lanum,* that holding does not directly address the issue in this case. In *Lanum,* "the State made no recommendation as to punishment; the only punishment recommendation made was by Havis, Lanum's probation officer, and he had no authority to bind the State." *Lanum v. State,* 952 S.W.2d at 40. "Accordingly, there was no plea bargain for the trial court to reject." *Id.*

We therefore hold, in light of the presupposed fairness in plea agreements between State and defendant, that the right to withdraw a plea of true after a judge has rejected a plea agreement is afforded to defendants in a motion to revoke community supervision.

Having determined that appellant had a right to withdraw his plea, we now address the issue of whether appellant's trial counsel was ineffective for failing to request that appellant be allowed to withdraw his plea of true.

*Ineffective Assistance of Counsel*

■ The two-prong test from *Strickland* states that: first the appellant must show that his counsel's performance was deficient; and second, he must show the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Estes v. State,* 985 S.W.2d 684, 685 (Tex.App.-Fort Worth 1999, pet. ref'd). The first component is met by showing appellant's trial counsel made errors so significant he was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution.

*Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. Having held that appellant has a right to withdraw his plea of true, we further hold that because appellant's trial counsel failed to request the court to withdraw his plea of true, the defendant was deprived of "counsel." Here, the record indicates that the defense counsel made an agreement with the State, presented it to the court, and after the subsequent refusal to follow the recommendation, the judge imposed a ten year sentence, with appellant's counsel taking no further action as to the plea that was refused. As such, "counsel" failed on the most minimal level to either object or inquire as to the judge's refusal to accept the State's recommendation and failed to attempt to withdraw appellant's plea of true after the judge refused to accept the recommendation. Similarly, there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. As a result, we hold that because appellant has a right to withdraw his plea of true and counsel failed to assert that right, counsel was ineffective. Appellant's second issue is sustained; therefore, we need not address the remaining issues. TEX. R. APP. P. 47.1 The judgment of the trial court is REVERSED and the cause is REMANDED for further proceedings.

Dissenting opinion by Justice DORSEY joined by Justice CASTILLO.

DORSEY, Justice, dissenting.

I respectfully dissent. The issue in this case is whether a defendant has a right to withdraw a plea of true to a motion to revoke community supervision when the trial court rejects the plea agreement. The majority holds that a defendant does have the right to withdraw a plea of true under these circumstances. I disagree for two reasons. First, there is no statutory authority giving a defendant the right to withdraw a plea of true. Second, appellant entered his plea of true voluntarily.

## I.  FACTS

Appellant earlier plead guilty to a felony and was fined and sentenced to ten years imprisonment probated for ten years. The state filed a motion to revoke the probated sentence and agreed with the appellant that if he plead "true" to the allegations, the state would recommend to the court that his probation be revoked and he be sentenced to three years confinement. Among the papers executed at the hearing were a written admonishment by the court and statements by the defendant stating he understood the admonishments given and a waiver of his rights. In both documents concerning the warnings were multiple statements to the effect that recommendations by the state's attorney were merely recommendations and were not binding on the court, and that the defendant may not withdraw his plea of true if the court did not follow the recommendation. The admonishment document explicitly said that there is no plea bargaining in revocation proceedings and that the defendant will not be allowed to withdraw his plea of true if the recommendation is not followed.

The court did not follow the recommendation of the state as to sentencing, and sentenced the appellant to a longer term of years. No complaint was made to the trial court that he failed to follow the recommendation and no motion for new trial or rehearing was filed alleging error on that basis.

## I.  VOLUNTARINESS OF THE PLEA OF TRUE

A defendant must knowingly and voluntarily enter a plea of true at a revocation hearing. *LeBlanc v. State,* 768 S.W.2d

881, 882 (Tex.App.-Beaumont 1989, no pet.). *See Franco v. State,* 552 S.W.2d 142, 143–44 (Tex.Crim.App.1977). To assess a plea's voluntary nature we must ask whether "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Parke v. Raley,* 506 U.S. 20, 29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992); *Alvear v. State,* 25 S.W.3d 241, 244 (Tex. App.-San Antonio 2000, no pet.). We consider the totality of the circumstances to answer this question. *Alvear,* 25 S.W.3d at 244. Once an accused attests that he understands the nature of his plea and that it was voluntary he has a heavy burden to prove on appeal that his plea was involuntary. *Marshall v. State,* 28 S.W.3d 634, 639 (Tex.App.-Corpus Christi 2000, no pet.); *Crawford v. State,* 890 S.W.2d 941, 944 (Tex.App.-San Antonio 1994, no pet.).

Here, the record includes a multi-page document that contains the following: (1) Court's Written Admonishments to Defendant; (2) Defendant's Statement Understanding Admonishments; and (3) Defendant's Waiver of Rights. The written admonishments included the following declarations:

*No Plea Bargaining.* There is no plea bargaining in revocation or adjudication proceedings. If you entered a plea of guilty/nolo contendere pursuant to a plea bargain agreement, that plea bargain agreement does not carry forward to revocation or adjudication proceedings. Therefore, if your plea of true is based on an agreement with the State that the State make a specific recommendation on punishment but the Court does not follow that recommendation, *you will not be allowed to withdraw your plea of true.*

*Court Not Bound by Recommendations.* In deciding whether to continue you on supervision or to revoke your supervision, or in assessing your punishment, the Court may consider any recommendations made by the State or your attorney, but the Court is not bound or obligated to accept or follow any recommendation so made.

*If Supervision Revoked.* If the Court revokes your supervision and the Court had previously found you guilty, the Court may impose the original sentence previously suspended, even though your lawyer and the State's attorney recommended a lesser or reduced sentence for you. . . . In other words, the Court may set whatever punishment the Court feels is appropriate in your case regardless of the recommendation of counsel.

The Defendant's Statement Understanding Admonishments, included the following declarations:

I have personally read the documents required for this hearing.[1]

I enter my plea of true voluntarily and without force, threats, persuasion, fear or promise. I enter my plea of true only because I have violated those conditions of community supervision for which I have entered a plea of true.

I understand that there is no plea bargaining in revocation or adjudication proceedings. I also understand that if the State has agreed with my lawyer and me to make a specific recommendation on punishment, the Court is free to not follow any such recommendation, and that if the Court chooses to not follow the State's recommendation or my lawyer's recommendation, I have no right to withdraw my plea of true or to even ask the Court to allow me to withdraw my plea of true.

---

1. Appellant placed his initials by this statement.

I also understand that in assessing punishment the Court may consider recommendations made by the District Attorney or my attorney, that the Court is not bound or obligated to accept or follow any recommendations so made, and that the Court will consider the evidence and then assess whatever punishment the Court feels is proper if my community supervision is revoked, regardless of any recommendations made. I further understand that, even if my lawyer and the State's attorney recommend a lesser or reduced sentence, the Court is free to assess the original sentence previously suspended if I have been found guilty, or to assess any term up to the maximum if the adjudication of guilt in my case was previously deferred.

Appellant signed this statement and the waiver of rights. Defense counsel, the State's attorney, and the trial judge signed the multi-page document.

During the plea hearing the trial judge asked appellant (1) if he had read the multi-page document himself, (2) if he understood everything contained in the document, (3) if he freely and voluntarily signed the document, (4) if he understood the punishment he faced if supervision was revoked, and (5) if he was aware that by signing the document he was giving up valuable and important rights. Appellant answered affirmatively to each question.

After a careful examination of the totality of the circumstances surrounding the plea I find that the record shows that appellant received and understood the admonishments, that his plea represented a voluntary and intelligent choice, and that he understood the consequences of his plea. See *Parke*, 506 U.S. at 29, 113 S.Ct. 517; *Alvear*, 25 S.W.3d at 244. A plea is not involuntary merely because the sentence exceeded what appellant expected, even if the expectation was raised by his attorney. *West v. State*, 702 S.W.2d 629, 633 (Tex.Crim.App.1986); *Russell v. State*, 711 S.W.2d 114, 116 (Tex.App.-Houston [14th Dist.] 1986, pet. ref'd). *See Gomez v. State*, 921 S.W.2d 329, 332 (Tex.App.-Corpus Christi 1996, no pet.) (plea not involuntary solely because accused pleaded guilty out of desire to limit possible penalty).

## II. APPLICABILITY OF ARTICLE 26.13

Article 26.13(a)(2) of the Texas Code of Criminal Procedure provides:

(a) Prior to accepting a *plea of guilty or a plea of nolo contendere*, the court shall admonish the defendant of:

\* \* \* \* \* \*

(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his *plea of guilty or nolo contendere;*

TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2) (Vernon Supp.2001) (emphasis added). Thus the language of article 26.13(a)(2) clearly shows that the Legislature intended this statute to apply only to pleas of guilty and *nolo contendere*. Had the Legislature intended article 26.13(a)(2) to apply to pleas of true in the context revocation proceedings it could have said so in the statute.

Accordingly a defendant in a revocation proceeding does not have an absolute right to withdraw a plea of true when as in this

case the trial court fails to follow a plea-bargain recommendation. While this right is afforded to defendants in the context of guilty pleas and pleas of *nolo contendere, see* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2) (Vernon Supp.2001), that right does not exist in a probation revocation proceeding. *Accord Harris v. State,* 505 S.W.2d 576, 578 (Tex.Crim.App.1974); *Rylander v. State,* 970 S.W.2d 174, 174 (Tex. App.-Fort Worth 1998, no pet.) (per curiam); *Lanum v. State,* 952 S.W.2d 36, 39 (Tex.App.-San Antonio 1997, no pet.); *Lindsey v. State,* 902 S.W.2d 9, 12 (Tex. App.-Corpus Christi 1995, no pet.).

The right to withdraw such a plea only exists in narrow circumstances not present in this case. *Cf. Crawford v. State,* 624 S.W.2d 906, 909 (Tex.Crim.App.1981); *LeBlanc v. State,* 768 S.W.2d 881, 882 (Tex. App.-Beaumont 1989, no pet.). Those circumstances are (1) when the plea of true is made in reliance upon an agreement ratified by the trial court, *see Crawford,* 624 S.W.2d at 909, or (2) when the plea of true is involuntary, *see LeBlanc,* 768 S.W.2d at 882. Neither of those circumstances are present in this case.

In *Crawford* the trial court denied the defendant's motion to suppress. Afterwards the defendant pleaded true to the motion to revoke on condition that he be allowed to appeal the ruling on the motion to suppress. However it was later determined that the ruling on the motion to suppress could not be raised on appeal. Thus the defendant argued that his plea of true was not knowingly and voluntarily entered. Quoting language from *Wooten v. State,* 612 S.W.2d 561 (Tex.Crim.App. 1981) and *Mooney v. State,* 615 S.W.2d 776 (Tex.Crim.App.1981) the court of criminal appeals stated, "a guilty plea cannot be said to have been voluntary if it was induced by an agreement approved by the court that a question could be appealed when that agreement could not be fulfilled." *Crawford,* 624 S.W.2d at 909 (quoting *Wooten,* 612 S.W.2d at 563 and *Mooney,* 615 S.W.2d at 778). Although *Mooney* involved a conviction after a *nolo* plea, the *Crawford* court found this rule applicable to a revocation of probation after a plea of true. *Crawford,* 624 S.W.2d at 909.

In this case the trial court did not indicate to appellant that he had any right that was later denied him. Further the trial court did not ratify any agreement upon which appellant's plea of true was based. On the contrary the trial court took affirmative steps to ensure that appellant understood that the court was not obligated to follow the sentencing recommendation.

The other circumstance, not present in this case, in which a probationer would be entitled to withdraw a plea of true is when the plea was involuntary. *See LeBlanc,* 768 S.W.2d at 882. As previously discussed appellant entered his plea knowingly and voluntarily. Accordingly I do not find that appellant's trial counsel was ineffective for failing to request the court to allow appellant to withdraw his plea of true. I would affirm the trial court's judgment.

Justice ERRLINDA CASTILLO joins in this dissent.