NUMBER
13-00-256-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

_____________________________________________________________________

 

JOEY
MIRELES,                                                                    Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

____________________________________________________________________

 

     On appeal from the 105th District
 Court of Nueces County, Texas.

____________________________________________________________________

 

                                   O P I N I O N

 

            Before
Chief Justice Valdez and Justices Castillo and Baird [1]

                                   Opinion by
Justice Baird

 








A jury convicted
appellant of the offense of aggravated sexual assault and assessed punishment
at confinement for ten years, probated for ten years and a fine of
$6,000.00.  The State later moved to
revoke appellant=s community
supervision.  Appellant pled true to the
allegations in the motion to revoke and the trial court assessed punishment at
ten years confinement in the Texas Department of Criminal Justice--Institutional
Division.  Appellant raises two points of
error.  We reverse.

Appellant was placed
on community supervision for a period of ten years.  The State subsequently filed a motion to
revoke the community supervision. 
Appellant and the State entered into a plea bargain agreement whereby
appellant agreed to plead true to the allegations in exchange for a
recommendation of five years confinement. 
However, after appellant pled true, the trial judge refused to follow
the plea bargain agreement and assessed punishment at ten years
confinement.  Appellant subsequently
moved, pro se, to withdraw his plea because his sentence exceeded the
plea bargain agreement.  On April 24,
2000, the trial court entered an Order Denying Defendant=s Motion for
Reconsideration or Reduction of Sentence. 
Appellant gave notice of appeal.

The first point of
error contends appellant=s plea was involuntary
because it was conditioned upon a plea bargain which the trial judge did not
follow.  We recently considered this
issue in Gutierrez v. State, 65 S.W.3d 362 (Tex. App.BCorpus Christi 2001,
pet. filed), where the trial judge refused to follow a plea bargain agreement
on a motion to revoke community supervision. 
In Gutierrez, this Court held the right to withdraw a plea of
true after the trial court rejects a plea agreement applies to motions to
revoke community supervision.  Id. at 365.  There is no principled distinction between
the instant case and Gutierrez. 
Accordingly, the first point of error is sustained.








The judgment of the
trial court is reversed and the case is remanded for further proceedings.

 

                                             

CHARLES F. BAIRD

Justice

 

Dissenting opinion by 

Justice Errlinda
Castillo

 

 

Do not publish. 
Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

18th day of April, 2002.

 

 

                                             *
* * * * *

 



 

                                   NUMBER 13-00-256-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS
 CHRISTI

 



 

JOEY MIRELES,                                                                    Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 



 

                        On appeal from the 105th District Court

                                  of Nueces
 County, Texas.

 



 

                            DISSENTING OPINION

 

          Before Chief Justice Valdez and Justices
Castillo and Baird[2]

                          Dissenting Opinion by Justice Castillo

 












I respectfully dissent
for the reasons stated in the dissent to Gutierrez v. State, 65 S.W.3d
362, 367-70 (Tex. App.- Corpus Christi 2001, pet. filed) (Dorsey, J.
dissenting).  

 

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Dissenting
Opinion delivered and filed

this
18th day of April, 2002.

 



 











[1]Former
Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the
Chief Justice of the Supreme Court of Texas pursuant to Tex.Gov=t Code Ann. '
74.003 (Vernon 1998).





[2]Former
Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the
Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t
Code Ann. ' 74.003 (Vernon
1998).