NUMBER
13-00-256-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                           CORPUS CHRISTI

___________________________________________________________________

 

JOEY
MIRELES,                                           Appellant,

 

                                      v.

 

THE
STATE OF TEXAS,                                  Appellee.

____________________________________________________________________

 

              On
Appeal from the 105th District Court 

                      of Nueces County, Texas.

____________________________________________________________________

 

                       OPINION ON REMAND

 

            Before
Chief Justice Valdez and Justices Castillo and Baird [1]

                                   Opinion
by Justice Baird

 








A jury convicted
appellant of the offense of aggravated sexual assault and assessed punishment
at confinement for ten years, probated for ten years, and a fine of
$6,000.00.  The State later moved to
revoke appellant=s community
supervision.  Appellant pled true to the
allegations in that motion and the trial court assessed punishment at ten years
confinement in the Texas Department of Criminal JusticeBInstitutional Division
and a fine of $6,000.00.

On direct appeal,
appellant raised two issues.  Relying on
our opinion in Gutierrez v. State, 65 S.W.3d 362 (Tex. App.BCorpus Christi 2001,
pet. filed), we originally sustained the first issue which contended appellant=s plea was involuntary
because it was conditioned upon a plea bargain which the trial judge did not
follow.  However, the Texas Court of
Criminal Appeals reversed our decision in Gutierrez v. State, 108 S.W.3d
304 (Tex. Crim. App. 2003) (en banc), and, accordingly,  remanded this case for reconsideration.  

In light of the court
of criminal appeals= opinion, we hold the
trial judge was not bound by the punishment recommendation agreed to by
appellant and the State.  See id.
at 310.  Furthermore, the record
indicates that each of appellant=s several pleas of
true to the allegations in the State=s motion to revoke
probation were voluntarily entered. 
Consequently, we hold the trial judge did not abuse his discretion in
accepting those pleas.  Accordingly, the
first issue is overruled.








The second issue
concerns the AMotion For Appeal@ filed by appellant on
April 20, 2000.  The trial judge treated
this pleading as ADefendant=s Motion for
Reconsideration or Reduction of Sentence,@ and entered a written
order denying same.  Appellant contends
the motion was, in reality, a motion for new trial and the trial judge erred in
not conducting a hearing thereon.  In
support of this argument, appellant cites Reyes v. State, 849 S.W.2d 812
(Tex. Crim. App. 1993) (en banc), which stands for the proposition that the
trial judge must hold a hearing on a motion for new trial which raises Amatters not
determinable from the record, upon which the accused could be entitled to
relief.@  See id. at 816.

We reject appellant=s argument for two
reasons.  First, Reyes also held
that, as a prerequisite to obtaining a hearing, motions for new trial must be
supported by an affidavit, either of the accused or someone else, specifically
showing the truth of the grounds of attack. 
Id.  Therefore, even if we
treated appellant=s AMotion For Appeal@ as a motion for new
trial, the pleading is defective because it is not supported by affidavit.  Therefore, the trial judge did not err in
failing to hold a hearing.

Additionally, we note
that appellant=s AMotion For Appeal@ sought only for the
trial court to follow the punishment recommendation agreed to by appellant and
the State.  We hold this was not a
sufficient allegation to require a hearing under Reyes because it does
not raise a matter Anot determinable from
the record, upon which the accused could be entitled to relief.@  Id. 
This holding is supported by the trial judge=s AOrder Denying
Defendant=s Motion for
Reconsideration or Reduction of Sentence@ which states:

The court has
carefully read and considered the motion. 
The Court finds that within the first year of his community supervision,
the Defendant committed the offense of interfering with an arrest, consumed
alcoholic beverages, violated his curfew, failed to attend the sexual
perpetrators offender program, and failed to pay fees and costs.  His repeated misbehavior shows that the
Defendant was not serious about complying with the conditions of community
supervision.  This court finds no
basis upon which to reconsider its judgment or to reduce the sentence imposed.

 








(Emphasis added).  Clearly, the trial court was aware of the
allegation raised in appellant=s motion, fully
considered that allegation, and explained his reasons for rejecting it.  Therefore, the trial court did not err in
failing to hold a hearing.  For these
reasons, the second issue is overruled.

The judgment of the
trial court is affirmed.

 

                                             

CHARLES F. BAIRD,

Justice

 

Do not publish. 


Tex. R. App. P. 47.2(b)

 

Opinion delivered and filed this 

the 14th day of July, 2005.

 











[1] Former Texas Court of Criminal
Appeals Judge Charles F. Baird has been assigned to this Court by the Chief
Justice of the Supreme Court of Texas.  See
Tex .Gov=t Code Ann. ' 74.003 (Vernon 2005).