NUMBER
13-00-277-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG



ELOY JAMES
GUTIERREZ,                                                             Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.



 

                     On appeal from the 105th
District Court

                                        of
Nueces County, Texas.

 



 

                        
MEMORANDUM OPINION ON REMAND

 

     Before Chief Justice
Valdez and Justices Hinojosa  and
Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 








Appellant, Eloy James Gutierrez, appeals from the
trial court=s order revoking community supervision and
sentencing him to ten years= imprisonment. 
We previously reversed and remanded to the trial court based on trial
counsel=s ineffectiveness. 
See Gutierrez v. State, 65 S.W.3d 362, 367 (Tex. App.BCorpus Christi 2001, pet. granted).  The Texas Court of Criminal Appeals granted
review and vacated our opinion, remanding to this Court for reconsideration in
light of its conclusion that counsel was not ineffective for failing to object
when the judge declined to accept the State=s
sentencing recommendation.  See
Gutierrez v. State, 108 S.W.3d 304, 310 (Tex. Crim. App. 2003). 

Background

Gutierrez originally pled guilty to attempted sexual
assault and was sentenced to ten years= imprisonment and a $750 fine, probated for ten
years.  The State later moved to revoke
Gutierrez=s community supervision.  Gutierrez agreed to enter a plea of Atrue@ in return for the State=s recommendation to the trial court of three years= imprisonment. 
At the revocation hearing, the trial court did not accept the State=s recommendation but instead imposed the original
ten-year sentence.  

With the court of criminal appeals having concluded
that counsel was not ineffective for failing to object to the judge=s sentencing decision, we now address Gutierrez=s four remaining issues on appeal: (1) Gutierrez=s plea of true was not knowingly and voluntarily
made because it was induced by the State=s offer of three years=
imprisonment, (2) he received ineffective assistance of counsel as demonstrated
by counsel=s failure to file a motion for new trial, (3) the
trial court erred in failing to timely appoint appellate counsel, and (4)
counsel was ineffective for failing to move for an early termination of
Gutierrez=s probation.  

Plea of True








By his first issue on appeal, Gutierrez complains
that his plea of true was not knowingly and voluntarily made because it was
induced by the State=s recommendation on punishment, which the trial
court refused to follow.  Appellate
review of community supervision revocation proceedings is limited to a
determination of whether the trial court abused its discretion.  See Jones v. State, 589 S.W.2d
419, 421 (Tex. Crim. App. 1979); Hays v. State, 933 S.W.2d 659, 660
(Tex. App.BSan Antonio 1996, no pet.).  

When reviewing the voluntariness of a plea, we
examine the record as a whole and determine whether the plea was entered
voluntarily based on the totality of the circumstances.  See Griffin v. State, 703 S.W.2d 193,
196 (Tex. Crim. App. 1986).  When the
record shows that the trial court gave an admonishment and the defendant then
attested to the voluntariness of the plea, there is a prima facie showing of a
knowing and voluntary plea.  See Dorsey
v. State, 55 S.W.3d 227, 235 (Tex. App.BCorpus
Christi 2001,  no pet.). 

Gutierrez read and signed written admonishments
regarding the charges against him and the consequences of his pleas of
true.  He was also given oral
admonishments in court by the judge, and he acknowledged that he understood the
implication of his plea.   The prima
facie voluntariness and intelligence of his plea, therefore, is established.  He argues, however, that this plea was Ainduced@ by the State=s promise to recommend three years= imprisonment, and the trial court=s subsequent refusal to follow this suggestion
rendered his statement involuntary.  








A trial court in a revocation hearing has the
discretion to impose either the original deferred sentence or a shorter term of
confinement.  See Tex. Code Crim. Proc. Ann. art. 42.12, ' 23(a) (Vernon Supp. 2004); see also Guzman v.
State, 923 S.W.2d 792, 799 (Tex. App.BCorpus Christi 1996, no pet.).  The judge may proceed to dispose of the case
as if there had been no community supervision, see Tex. Code Crim. Proc. Ann. art. 42.12, ' 23(a), and no part of the time that the defendant
is on community supervision is to be considered as any part of the time that he
shall be sentenced to serve.  See id.
' 23(b).  In
community supervision revocation proceedings, the trial court is not bound by
any plea bargains or sentencing agreements offered by the parties, and a
defendant is not able to withdraw his plea after sentencing if a recommended
sentence is not imposed.  See
Gutierrez, 108 S.W.3d at 309.  

The trial court clearly was not bound to follow the
State=s recommendations when imposing Gutierrez=s sentence. 
Furthermore, we see that Gutierrez signed a written admonishment which
stated the following:

There is no plea bargaining in revocation or
adjudication proceedings. . . .  [I]f
your plea of true is based on an agreement with the State that the State make a
specific recommendation on punishment but the Court does not follow that
recommendation, YOU WILL NOT BE ALLOWED TO WITHDRAW YOUR PLEA OF TRUE.  

 

In assessing your punishment, the Court may consider
recommendations made by the State or your attorney, but the Court is not bound
or obligated to accept or follow any recommendations made.  If your community supervision is revoked . .
. the Court will consider the evidence and then assess whatever punishment the
Court feels is proper regardless of any recommendations made.

 

Therefore, we conclude that Gutierrez was adequately
warned of the effect of his plea and the non-binding nature of any sentencing
recommendations, and we determine that the trial court did not abuse its
discretion in finding Gutierrez=s plea of true to be made knowingly and
intelligently.  Gutierrez=s first issue on appeal is overruled.

 

Ineffective Assistance of Counsel








By his second issue on appeal, Gutierrez alleges
that when the trial court assessed a ten-year sentence, it was incumbent upon
counsel to file a motion for new trial to develop the facts surrounding the
involuntariness of Gutierrez=s plea.  He
argues that counsel=s failure to file any such motion for new trial
deprived Gutierrez of his right to effective assistance of counsel.

Criminal
defendants have a right to effective assistance of counsel at a community
supervision revocation hearing unless this right is affirmatively waived.  Tex.
Code Crim. Proc. Ann. art. 42.12, ' 21(d) (Vernon Supp. 2004).  This Court evaluates the effectiveness of
counsel based on the Strickland standard of review, which is
well-established and therefore unnecessary to repeat here.  See Strickland v. Washington, 466 U.S.
668, 687 (1984); Munoz v. State, 24 S.W.3d 427, 433-34 (Tex. App.BCorpus Christi 2000, no pet.) (applying the Strickland
standard).  A plea of guilty is not
knowingly and voluntarily entered if made as a result of ineffective assistance
of counsel. See Ex parte Burns, 601 S.W.2d 370, 372 (Tex. Crim. App.
1980); Diaz v. State, 905 S.W.2d 302, 308 (Tex. App.BCorpus Christi 1995, no writ).           








We have already determined that Gutierrez=s pleas were not rendered involuntary by the trial
court=s failure to impose the sentence recommendation by
the prosecution.  See Gutierrez,
108 S.W.3d at 309.   Therefore, it was
not necessary for counsel to file a motion for new trial to develop the facts
related to this question.  Furthermore,
there is a presumption that counsel advised Gutierrez regarding the merits of
filing a motion for new trial on these grounds, and Gutierrez considered this
option and rejected it.  See Smith v.
State, 17 S.W.3d 660, 662-63 (Tex. Crim. App. 2000); Oldham v. State,
977 S.W.2d 354,  363 (Tex. Crim. App.
1998).   Gutierrez had the burden to
demonstrate from the record that counsel=s ineffectiveness resulted in a lack of opportunity
to file a motion for new trial.  See
Cantu v. State, 988 S.W.2d 481, 483 (Tex. App.BHouston [1st Dist.] 1999, pet. ref=d).  We have
reviewed the record and have found no indication, beyond bare assertions by
Gutierrez, that counsel was ineffective and that this ineffectiveness resulted
in a lack of opportunity to file a motion for new trial.[1]  Gutierrez=s
second issue on appeal is overruled.

Appointment of Appellate Counsel

By his third issue on appeal, Gutierrez complains
that the trial court erred in failing to timely appoint appellate counsel.  Gutierrez filed two pro se motions alleging
that his trial counsel was ineffective and that he wanted to appeal.  He argues that the trial court did not appoint
appellate counsel until it was too late to file a motion for new trial.  Because Gutierrez expressed his desire for a
new trial and new counsel, he contends that the actions of the trial court
deprived him of counsel during a critical period. 

A defendant is entitled to counsel during the time
period for filing a motion for new trial to assist the defendant in preparing
the motion.  Cantu, 988 S.W.2d at
483.   Appointed counsel remains as
defendant's counsel for all purposes until he is expressly permitted to
withdraw or the appeal is finished.  Ward
v. State, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987). 








Appellant was represented at trial by court‑appointed
counsel. We presume this attorney continued to represent appellant at all times
until appointment of appellate counsel.  See
Cantu, 988 S.W.2d at 483.  We observe
from the record that the judge permitted trial counsel to withdraw on June 21,
2000, the same date that Gutierrez=s first appellate attorney was appointed.  This first appellate attorney requested to
withdraw from the case, and her request was granted on August 7, 2000, the same
date that Gutierrez=s second and current appellate attorney was
appointed.  Therefore, it appears from
the record  that at no time was Gutierrez
without appointed counsel.  We must also
presume that Gutierrez=s various attorneys were acting effectively at all
times and adequately counseled their client unless the record affirmatively
shows otherwise.  Oldham, 977
S.W.2d at 363.  In particular, we note
that despite Gutierrez=s complaints, there is no evidence in the record to
show that his trial counsel was ineffective. 
Gutierrez=s third issue is overruled.  

Early Termination of Supervision








By his final issue on appeal, Gutierrez alleges that
his original trial counsel was ineffective for failing to seek an early
termination of his community supervision two years after his conviction.  Gutierrez claims that at this point, he had
satisfied all requirements of his community supervision and may have been
eligible for an early discharge.  See Tex. Code Crim. Proc. Ann. art 42.12 ' 20(a) (Vernon Supp. 2004).  He believes that because trial counsel failed
to seek discharge at an earlier stage, this ineffectiveness is to blame for his
remaining on probation and ultimately his violations of that probation.  Gutierrez, however, has failed to cite any
authority indicating that a defendant=s right to counsel extends to a post-conviction duty
to monitor the progress of probation and, if appropriate, ask for early
discharge.  See Tex. R. App. P. 38.1.  He has also failed to cite any authority
establishing that the post-conviction probationary period is a critical stage
of the proceedings for which counsel is required.  See id. 
Moreover, he has failed to provide any record from which we could evaluate
the conduct of Gutierrez=s original attorney with regard to the question of
an early discharge from probation.   See
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  Accordingly, his fourth issue on appeal is
overruled.

Conclusion

The judgment of the trial court is affirmed. 

   

                                                                


                                                                                                             

                                          
Rogelio Valdez,

                                        Chief
Justice

 

 

 

 

Do not publish.

Tex.
R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed

this
28th day of July, 2005.











[1]A substantial risk of failure
accompanies a claim of ineffective assistance of counsel on direct appeal
because the record is generally underdeveloped and cannot adequately reflect
the failings of trial counsel.  McCullough
v. State, 116 S.W.3d 86, 92 (Tex. App.BHouston [14th Dist.] 2001, pet. ref'd). Therefore, it is
critical that the defendant make the necessary record in the trial court to
rebut the Strickland presumption that counsel's conduct was strategic.  Id. 
This kind of record is best developed by application for a writ of
habeas corpus.  Id.; see Jackson v.
State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (per curiam).