

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00159-CR

ANIJA KEMIAH CARR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1260571D, Honorable Everett Young, Presiding

March 6, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Anija Kemiah Carr challenges the trial court's judgment adjudicating her guilty of aggravated assault against a public servant,[1] revoking her deferred adjudication community supervision and sentencing her to twelve years of confinement in prison. She presents two issues. We will affirm the judgment of the trial court.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(B)(2)(B) (West 2012).

Background

After she plead guilty to aggravated assault of a public servant, appellant was placed on deferred adjudication community supervision in February 2012. The conditions and terms of her community supervision were amended in April, May and August, 2012. The State filed a petition to proceed to adjudication in November of 2012, alleging three violations of the terms of appellant's community supervision, including the commission of a new offense, failure to participate in and complete 320 hours of community service restitution and failure to submit to a urine test as instructed in September 2012.

The appellate record does not contain a reporter's record of the hearing at which appellant was adjudicated guilty and sentenced because she waived the right to have the hearing recorded by the reporter. The clerk's record contains a "waiver of court reporter," signed by appellant, her retained counsel, the prosecutor and the trial court and dated March 26, 2013, the date of the hearing.

The clerk's record contains two documents making reference to the hearing and its outcome. A "certificate of proceedings," dated March 26, 2013, appears in the record and contains notations similar to those of a court's docket sheet. The notations include those stating "Deft p/true paragraphs 1, 2 & 3; testimony heard; paragraphs 1, 2 & 3 f/true; Deft f/g & sentenced; CTS."

The second document is the court's judgment, also reflecting a hearing on March 26, 2013. The summary portion of the judgment states, with regard to the plea to the motion to adjudicate, "True." The judgment also states that "Defendant appeared in

person with counsel." It also contains the statement, "After hearing and considering the evidence presented by both sides, the Court finds . . . . (5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's Original Motion to Adjudicate Guilt as attached: Paragraphs, One, Two and Three."

Analysis

Failure to Hold Hearing on the State's Motion

In appellant's first issue, she presents the contention the court denied her due process rights to a hearing on the State's petition to proceed to adjudication of her guilt. Her argument in support of the issue includes the assertion that her waiver of a court reporter did not constitute her waiver of a right to a hearing. At the same time, appellant acknowledges the correctness of the statements from the documents in the clerk's record, that she appeared in court in person with counsel on March 26, 2013, as the judgment reflects, and that testimony was heard by the court on the State's motion to proceed to adjudication of her guilt. She expresses no disagreement with the record's statement she plead "true" to the State's allegations.[2]

Procedural rules make clear the presence of a reporter may be waived. TEX. R. APP. P. 13.1(a) (stating that a court reporter must attend court sessions and make a full

---

[2] It is well established that a plea of "true," standing alone, is sufficient to support revocation of community supervision. *Cole v. State,* 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *see* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5 (West Supp. 2013) (a trial court may revoke community supervision if any single condition is violated).

record of the proceedings unless excused by agreement of the parties). The record clearly shows the parties entered into such an agreement here. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14 (West Supp. 2013) (providing a defendant in a criminal prosecution for any offense may waive any rights secured by law). The absence of a reporter's record does not equate to a failure to hold a hearing. The record before us shows the court did hold a hearing. We overrule appellant's first issue.

Failure to Admonish on Plea of "True"

In her second issue, appellant contends the trial court further violated her due process rights by failing to properly admonish her with regard to her plea of "true" and the record is insufficient to show she voluntarily plead "true" to the allegations in the State's motion.[3]

The specific admonishments appellant asserts she was entitled to receive are an admonishment she had a right to plead "not true" to the alleged violations, and an admonishment the State was required to prove the alleged violations by a preponderance of the evidence. She also appears to argue the court was required to ascertain in some specific manner whether she was pleading "true" freely and voluntarily. Reversal is required, she asserts, because without a reporter's record, the record on appeal does not establish that her due process rights were afforded her.

---

[3] In one place in her brief, and without elaboration, appellant refers to her plea as involuntary.

4

We first note appellant's contention seems to contain an underlying premise that trial courts must, before receiving a plea of "true" in a revocation proceeding, give admonitions and make inquiries like those of articles 26.13 and 27.13 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.13; 27.13 (West 2006) (requiring listed admonishments and inquiries before acceptance of plea of guilty or nolo contendere). As a matter of State law, those statutory requirements do not apply to revocation proceedings. *Winters v. State,* No. 06-09-00169-CR, 2010 Tex. App. LEXIS 2941 at *9 n.8 (Tex. App.—Texarkana April 19, 2010, no pet.) (mem. op., not designated for publication) (*citing Gutierrez v. State*, 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003)); *Rylander v. State,* 970 S.W.2d 174, 174 (Tex. App.—Fort Worth 1998, no pet.) (per curiam); *Saenz v. State,* No. 07-96-0012-CR, 1996 Tex. App. LEXIS 5317 at *8 (Tex. App.—Amarillo 1996, pet. ref'd) (mem. op., not designated for publication).[4]

Further, because of the absence of a reporter's record of the revocation hearing, we have no way to determine what admonitions or inquiries the trial court stated. We find the Court of Criminal Appeals' statement in *Green v. State*, 912 S.W.2d 189 (Tex. Crim. App. 1995), pertinent: "This Court does not decide cases based on speculation about matters not shown in the record." *Id.* at 192; *see Word v. State*, 206 S.W.3d 646, 651-52 (Tex. Crim. App. 2006) ("It is usually the appealing party's burden to present a record showing properly preserved, reversible error").

---

[4] *Cf.* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5 (West Supp. 2013) (providing admonitions required "[a]fter placing the defendant on community supervision under this section," regarding possible consequences of violation).

Finally, appellant cites no authority supporting her position that the admonitions she mentions are constitutionally required in a revocation proceeding.  *See generally Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (minimum requirements for due process); *Leonard v. State*, 385 S.W.3d 570, 577 (Tex. Crim. App. 2012) (*citing Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980) (discussing due process implications in revocation proceedings)); *Ex parte Doan*, 369 S.W.3d 205, 208-10 (Tex. Crim. App. 2012) (also discussing nature of revocation hearings); *Dickey v. State*, Nos. 05-07-01090-CR, 05-07-01214-CR, 2008 Tex. App. LEXIS 5599, at *12 (Tex. App.—Dallas, July 25, 2008, pet. ref'd) (mem. op., not designated for publication); *Saenz,* 1996 Tex. App. LEXIS 5317 at *7-*8 (both also discussing due process requirements in revocation proceedings).

For all these reasons, we resolve appellant's second issue against her, and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.